**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| **James Belluscio, Jr.; and James Belluscio, Sr.,** | |
| **Plaintiffs,** | **Civil Action No.: ______** |
| **v.** | **COMPLAINT** |
| **Eastpoint Recovery Group, Inc; and DOES 1-10, inclusive,** | |
| **Defendants.** | **September 19, 2018** |

For this Complaint, Plaintiffs, James Belluscio, Jr. and James Belluscio, Sr., by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA").

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. Plaintiffs, James Belluscio, Jr. and James Belluscio, Sr. ("Plaintiffs"), are adult individual's residing in Milford, Connecticut, and are "consumers" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Eastpoint Recovery Group, Inc ("Eastpoint"), is a New York business entity with an address of 29 Mississippi Street, Suite 200, Buffalo,

New York 14203, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by Eastpoint and whose identities are currently unknown to Plaintiffs. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. Eastpoint at all times acted by and through one or more of the Collectors.

**ALLEGATIONS APPLICABLE TO ALL COUNTS**

**A. The Debt**

8. Plaintiff, James Belluscio, Jr., allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes, which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to Eastpoint for collection, or Eastpoint was employed by the Creditor to collect the Debt.

11. Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B. Eastpoint Engages in Harassment and Abusive Tactics**

12. On or about September 13, 2018, Eastpoint contacted James Belluscio, Sr. in an attempt to collect the Debt from James Belluscio, Jr., and disclosed details about the Debt to him, causing a great deal of embarrassment to James Belluscio, Jr.

**13. Eastpoint threatened to seize James Belluscio, Sr.'s assets if the Debt was not paid.**

**14. James Belluscio, Sr. did not co-sign for the Debt, and therefore is in no way responsible for its repayment.**

**15. Further, Eastpoint threatened to garnish James Belluscio, Jr.'s wages if the Debt was not paid immediately.**

**16. Eastpoint neither sued nor obtained judgment against James Belluscio, Jr. and therefore had no present ability or legal authority to commence garnishment.**

**17. In addition, Eastpoint threatened James Belluscio, Jr. by falsely telling him he would end up with a criminal record if the Debt was not paid.**

**18. Moreover, Eastpoint left threatening voice messages for James Belluscio, Jr.; in its messages Eastpoint failed to disclose that the call was from a collection agency in an attempt to collect a debt.**

**C. <u>Plaintiff Suffered Actual Damages</u>**

**19. Plaintiffs have suffered and continue to suffer actual damages as a result of Defendants' unlawful conduct.**

**20. As a direct consequence of Defendants' acts, practices and conduct, Plaintiffs suffered and continue to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.**

## COUNT I
## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

**21. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.**

**22. Defendants' conduct violated 15 U.S.C. § 1692b(1) in that Defendants contacted third parties for purposes other than to confirm or correct location information.**

**23. Defendants' conduct violated 15 U.S.C. § 1692b(2) in that Defendants informed third parties of the nature of Plaintiff's debt and stated that Plaintiff owed a debt.**

**24. Defendants' conduct violated 15 U.S.C. § 1692c(b) in that Defendants communicated with individuals other than Plaintiff, Plaintiff's attorney, or a credit bureau.**

**25. Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with the collection of a debt.**

**26. Defendants' conduct violated 15 U.S.C. § 1692d(6) in that Defendants placed calls to Plaintiff without disclosing the identity of the debt collection agency.**

**27. Defendants' conduct violated 15 U.S.C. § 1692e in that Defendants used false, deceptive, or misleading representation or means in connection with the collection of a debt.**

**28. Defendants' conduct violated 15 U.S.C. § 1692e(2) in that Defendants misrepresented the character, amount and legal status of the Debt.**

**29. Defendants' conduct violated 15 U.S.C. § 1692e(4) in that Defendants threatened Plaintiff with garnishment if the Debt was not paid.**

**30. Defendants' conduct violated 15 U.S.C. § 1692e(4) in that Defendants threatened Plaintiff with seizure of his property if the Debt was not paid.**

**31. Defendants' conduct violated 15 U.S.C. § 1692e(5) in that Defendants threatened to take legal action, without actually intending to do so.**

**32. Defendants' conduct violated 15 U.S.C. § 1692e(7) in that Defendants falsely misrepresented that Plaintiff had committed a crime, in order to disgrace Plaintiff.**

**33. Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect a debt.**

**34. Defendants' conduct violated 15 U.S.C. § 1692e(11) in that Defendants failed to inform the consumer that the communication was an attempt to collect a debt.**

**35. Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect a debt.**

**36. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA.**

**37. Plaintiff is entitled to damages as a result of Defendants' violations.**

## COUNT II
## VIOLATIONS OF THE CONNECTICUT CONSUMERS' COLLECTION AGENCIES ACT, Conn. Gen. Stat. § 36a-800, et seq.

**38. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.**

**39. Plaintiff is a "consumer-debtor" as defined by Conn. Gen. Stat. § 36a-800(2).**

40. Defendant is a "consumer collection agency" as defined by Conn. Gen. Stat. § 36a-800(1).

41. Defendants solicited a claim for collection under an ambiguous or deceptive contract, in violation of Conn. Gen. Stat. § 36a-805(a)(6).

42. Defendants engaged in any activities prohibited by sections 36a-800 to 36a-810, inclusive Conn. Gen. Stat. § 36a-805(a)(15).

43. Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT III
## VIOLATIONS OF THE CONNECTICUT UNFAIR TRADE PRACTICES ACT, Conn. Gen. Stat. § 42-110a, et seq.

44. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

45. Defendants are each individually a "person" as defined by Conn. Gen. Stat. § 42-110a(3).

46. Defendants engaged in unfair and deceptive acts and practices in the conduct of its trade, in violation of Conn. Gen. Stat. § 42-110b(a).

47. Plaintiff is entitled to damages as a result of Defendants' violations.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

4. Actual damages pursuant to Conn. Gen. Stat. § 42-110g;

5. **Punitive damages; and**

6. **Such other and further relief as may be just and proper.**

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

**Dated: November 26, 2018**

**Respectfully submitted,**

**By /s/ Sergei Lemberg**

**Sergei Lemberg, Esq.**
**LEMBERG LAW, L.L.C.**
**43 Danbury Road, 3rd Floor**
**Wilton, CT 06897**
**Telephone: (203) 653-2250**
**Facsimile: (203) 653-3424**
**Attorney for Plaintiff**

8